UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TECHNOLOGY & SERVICES, INC.,** *et al.*,

    **Plaintiffs,**

v.

          Civil Action 2:09-cv-01113
          Magistrate Judge E.A. Preston Deavers

**TACS AUTOMATION, LLC,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

In this action, Plaintiffs Technology Services, Inc. and Intellimation, LLC (hereinafter "Plaintiffs") bring various claims, such as breach of contract, against multiple parties, including Defendants TACS Automation LLC and Michael Scott (hereinafter "Defendants"). This matter is before the Court for consideration of Defendants' Motion to Compel Discovery (Doc. 27) and Supplement to the Motion to Compel Discovery (Doc. 31). For the reasons that follow, Defendants' Motions to Compel Discovery are **GRANTED** and Plaintiffs are directed to produce the documents described below.

Defendants maintain that in response to their April 26, 2010 discovery requests Plaintiffs belatedly produced a limited amount of hard copy discovery materials and four computer disks. (Defs.' Mot. Compel Disc. 1.) According to Defendants, the majority of the materials on the disks were not accessible and some of the materials, which they were able to access, were not related to the issues of this case. (*Id.*) After attempting to informally resolve the situation (*see* Defs.' Mot. Compel Disc. Exs. B–E), Defendants filed their original Motion to Compel Discovery on July 16, 2010, requesting that the Court order Plaintiffs to provide them with the

discovery requested on April 26, 2010.

On August 12, 2010, Plaintiffs filed their Response to the Motion to Compel Discovery. In their Response, Plaintiffs contend that the information requested in discovery was contained in the compact disks that they provided to Defendants.[1] (Pls.' Resp. 2–3.) Additionally, Plaintiffs assert that while the information provided is voluminous, and contains information irrelevant to this case, this was the natural result of Defendants' broad discovery requests. (*Id.* at 1–3.) Nevertheless, Plaintiffs represented to the Court that they would provide Defendants with the discoverable information in hard copy form. Specifically, Plaintiffs stated:

> [W]ithin the next two weeks, Technology & Services will furnish TACS and Michael Scott with a copy of the manager's file for this project, estimated at 300 pages, and said copy will be a hard copy. It contains all of the notes, etc. regarding the job in question.
>
> Also, within two weeks, a copy of all purchase orders and change orders will be provided to TACS and Michael Scott.
>
> The manager's file mentioned above includes all correspondence by and between the parties, and should be fully responsive to the request for discovery.

(*Id.* at 2.) Furthermore, Plaintiffs represented to the Court that "[w]ithin the next two weeks, Intellimation will also provide to TACS and Michael Scott a copy of a file, similar to the manager's file mentioned above, and copies of all purchase orders and change orders. This file will contain all correspondence between the parties." (*Id.*)

Defendants filed their Supplement to Defendants' Motion to Compel Discovery on September 15, 2010. In this Supplement, Defendants specifically maintained that, as of the date

---

[1] Plaintiffs provide no information regarding the accessibility of the information stored on these disks.

2

of their filing, Plaintiffs had not provided Defendants with any documents beyond their original discovery response. (Supplement Mot. Compel Disc. 1.) Plaintiffs have not responded to Defendants' Supplement.

Determining the scope of discovery is within this Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). Pursuant to Federal Rule of Civil Procedure 37 a party may file a motion to compel production of requested documents. Fed. R. Civ. P. 37(a). Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* Federal Rule of Civil Procedure 34 governs the production of electronically stored information. Pursuant to Rule 34, a party need not "produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(b)(2)(E). Nevertheless, "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form . . . ." *Id.*

Because of Plaintiffs' own representations to the Court, the Court finds it unnecessary to address whether Plaintiffs' initial production, consisting primarily of compact disks that Defendants were unable to access, satisfied the discovery requirements of the Federal Rules of Civil Procedure. Specifically, in their Response to the Motion to Compel, Plaintiffs represented to the Court that they would produce various materials to Defendants. Plaintiffs maintained that Technology & Services would provide Defendants with "a copy of the manager's file for this project" and "all purchase orders and change orders." (Pls.' Resp. 2.) Additionally, Plaintiffs maintained that Intellimation would provide Defendants with a file containing all correspondence between the parties as well as "copies of all purchase orders and change orders."

3

(*Id.*)  From the information Defendants provide in the uncontested Supplement, despite the statements in their Response, Plaintiffs have not yet provided these documents.  The Court finds that it is well within its broad discretion in matters of discovery to hold Plaintiffs to the promises they made to the Court in their Response.  Consequently, the Court will require Plaintiffs to produce the documents to Defendants which they detailed in their Response.

For the foregoing reasons, Defendants' Motions to Compel Discovery (Doc. 27, 31) are **GRANTED**.[2]  Specifically, the Court **DIRECTS** Plaintiffs to produce the documents to Defendants which are detailed in Plaintiffs' Response.  If after these documents are produced, discovery disputes remain that the parties are unable to resolve through extrajudicial means, the parties are **DIRECTED** to contact the undersigned's chambers, (614) 719-3460, to schedule a discovery conference to address the remaining disputes.

**IT IS SO ORDERED.**

October 22, 2010                                      /s/ *Elizabeth A. Preston Deavers*
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge

---

[2] In their Supplement, Defendants request, in passing, that the Court order "appropriate sanctions."  (Supplement Mot. Compel Disc. 1.)  At this juncture, the Court will not impose sanctions, given that the record does not reflect that Plaintiffs have engaged in a pattern of contumacious conduct.